IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FRANCOIS ABESSOLO,

       Petitioner,

                              CASE NO. 2:14-CV-02168
  v.                         JUDGE JAMES L. GRAH AM
                              MAGISTRATE JUDGE KING

TODD SMITH, *et al.*,[1]

       Respondents.

**ORDER and**
**REPORT AND RECOMMENDATION**

On November 3, 2014, and proceeding without the assistance of counsel, Petitioner Francois Abessolo filed a document asserting the following:

> FRANCOIS ABESSOLO PLAINTIFF'S IS CURRENLTY DETAINED BY ICE, HE AS BEEN DETAINED SINCE (JULY 15, 2014). PLAINTIFF'S ALLEGE THAT: ICE (IMMIGRATION CUSTOMS ENFORCEMENT) AGENTS: (1) VIOLATED IS DUE PROCESS AND ONE OF HIS FOURTEENTH AMENDMENT RIGHT DURING HIS REMOVAL PROCEEDING (2) HE WAS PHYSICALLY ASSAULT, MENTALLY ABUSE (INJURY) BY ICE AGENTS (3) HE WAS THREATED, INTIMIDATED, EMOTIONAL ABUSE, WRONGFUL DOING (BY ICE AGENTS) UNDER TITLE 28. $ 42 USC.

*Petition,* ECF 3, PageID# 14 [sic]. Petitioner sought the following relief:

1. PLAINTIFF'S REQUEST BE IMMEDIATELY RELEASE FROM DETENTION BECAUSE HE AS BEEN UNLAWFULL DETAINED SINCE OCTOBER 03, 2014,
2. PLAINTIFF'S HERE IS VICTIM OF RACIAL DISCRIMINATION EMOTIONAL, MENTAL DISTRESS AND PHYSICALLY ASSAULT (INJURIES) UNDER $ 42 U.S.C. **DEMANDE**: OVER $100,000 (ONE HUNDRED THOUSANDS DOLLARS) FOR DAMAGES.

*Id.*, at PageID# 20 [sic]. The Court received the document as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Order*, ECF 2. This matter is before the Court on the

---

[1] Respondent indicates that it is the Warden of the Morrow County Correctional Facility who should be named as the proper Respondent, rather than ICE officials. *Motion to Dismiss*, ECF 6, PageID#6, n. 1.

*Petition*, Respondent's *Motion to Dismiss* and *Motion to Dismiss for Lack of Jurisdiction (Motions to Dismiss)*, ECF 6, 11, Petitioner's *Response,* ECF 12, and *Supplemental Response*, ECF 13, and the exhibits of the parties. Petitioner's *Motion to Amend the Petition*, ECF 4, by which he seeks to make certain exhibits part of the record, is **GRANTED**.

At the time that this action was initiated in November 2014, Petitioner was detained by an agency of the United States, *i.e.,* Immigration and Customs Enforcement ("ICE"). Petitioner alleged that ICE arbitrarily denied his request for a stay of his deportation, intentionally inflicted emotional distress, and violated his due process rights by preventing him from attending his children's custody proceedings, by threatening him, by discriminating against him, and by assaulting him in connection with the removal process.[2]

In January 2015, Petitioner was deported from the United States and is currently in Cameroon. *Declaration of Luke Affholter*, ¶ 23, *Exhibit B* attached to *Motion to Dismiss for Lack of Jurisdiction,* ECF 11. *See also Response*, ECF 13, PageID# 110. Petitioner is therefore no longer in federal custody. Respondent argues that, as a result, this Court lacks jurisdiction in this habeas corpus action. This Court agrees that it lacks jurisdiction over the habeas corpus claim.

Federal courts are vested with jurisdiction to grant habeas corpus relief if, *inter alia*, a petitioner is "in custody" in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3).

> 28 U.S.C. § 2241 is a vehicle to challenge a Board of Immigration Appeals determination. *Calcano-Martinez v. INS*, 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001); *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). It also may be used

---

[2] Petitioner's *pro se* petition for review from the denial of Petitioner's application for a stay of removal was denied by the United States Court of Appeals for the Sixth Circuit, for lack of jurisdiction. *Abessolo v. Holder*, Case No. 14-3912 (6th Cir. Nov. 13, 2014).

>to appeal continued immigration administrative custody after final removal order in "post-removal-period" indefinite detention. *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). The key is I.C.E. custody[.]

*Maldonado Parra v. Gonzalez*, No. 4:4-cv-920, 2006 WL 2463665, at *5 (N.D. Ohio Aug. 21, 2006). However, "[o]nce a habeas petitioner is no longer in custody, the court must determine 'whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution.'" *See Beiruti v. Clawson*, No. 1:08-cv-443, at *2 (W.D. Mich. Feb. 6, 2009)(quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). In order to meet the case or controversy requirement, a petitioner who has been released from the detention challenged in the petition must establish some concrete and continuing injury or collateral consequences aside from the now-ended incarceration that can be addressed by the habeas corpus petition. *Id.* (citing *Spencer v. Kemna*, 523 U.S. at 7-8)). The deportation of a habeas petitioner during the pendency of a habeas proceeding challenging the removal proceedings will deprive the district court of jurisdiction over the case unless the petition seeks relief from enduring and significant collateral consequences of the deportation. *Zundel v. Berrong*, 106 F. App'x 331, 334–35 (6th Cir. 2004)(citing *Spencer v. Kemna,* 523 U.S. at 7). Even a notice that reentry into the United States would be barred does not serve as a collateral consequence of deportation sufficient to support continued jurisdiction because the warning, without more, has "'no relevant legal force.'" *Zundel v. Holder*, 687 F.3d 271, 278 (6th Cir. 2012)(quoting *United States v. Perez-Torres,* 15 F.3d 403, 406 (5th Cir. 1994)).

Here, Petitioner has been removed from the United States. The *Petition* seeks relief from Petitioner's allegedly unlawful detention; Petitioner does not allege any collateral consequences of his removal. *See Response*, ECF 12, *Supplemental Response*, ECF 13. Instead, Petitioner merely insists that the case has not been rendered moot by his deportation. *Id.*

This Court concludes that, in light of Petitioner's release from ICE detention and removal from the United States, this case no longer presents an actual case or controversy over Petitioner's habeas corpus claim. This Court therefore lacks subject matter jurisdiction to entertain that claim. *Id.*

However, the *Petition* also appears to assert *Bivens* claims by which Petitioner seeks monetary damages for injuries allegedly caused by federal agents. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Those claims are not rendered moot by virtue of Petitioner's removal from the United States. *See Zundel v. Berrong*, 106 Fed. Appx at 335.

However, it does not appear that service of process has been effected on the named defendant. If Petitioner intends to pursue his *Bivens* claims against Todd Smith, the only federal officer named in the *Petition*, Petitioner must provide a summons and Marshals service form to the Office of the Clerk. Should Petitioner do so, the United States Marshals Service is **DIRECTED** to make service, by certified mail, on the named defendant, who shall have sixty (60) days from the date of service to respond.

The Clerk is **DIRECTED** to provide Petitioner with the appropriate service forms. Petitioner must return the completed forms to the Office of the Clerk within thirty (30) days. His failure to do so may be construed as his abandonment of his *Bivens* claims and may result in the dismissal of those claims for failure to prosecute.

It is therefore **RECOMMENDED** that Respondent's *Motion to Dismiss*, ECF 6, and *Supplemental Motion to Dismiss*, ECF 11, be **GRANTED in part.** It is **SPECIFICALLY RECOMMENDED** that the habeas corpus claim asserted in this action be **DISMISSED** but that the *Bivens* claims proceed and that Petitioner be required to provide the documents necessary to

permit the United States Marshals Service to effect service of process on the named defendant by certified mail.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 *s/ Norah McCann King*
 Norah McCann King
 United States Magistrate Judge
 June 8, 2015