IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FRANCOIS ABESSOLO,**

        **Petitioner,**

    v.                                    **Case No. 2:14-cv-02168**
                                              **Judge Graham**

**TODD SMITH,** *et al.,*                  **Magistrate Judge King**

        **Respondents.**

<u>**ORDER and**</u>
<u>**REPORT AND RECOMMENDATION**</u>

This action was initiated by petitioner, without the assistance of counsel, as a habeas corpus action under 42 U.S.C. § 2241. In the *Petition,* ECF No. 3, petitioner alleged that he was wrongfully detained and subjected to physical assault by Immigration and Customs Enforcement ("ICE") agents. On June 26, 2015, and after petitioner had been removed from the United States, the habeas claim was dismissed for lack of jurisdiction, but petitioner was permitted to pursue a *Bivens* claim against ICE Agent Todd smith, the only federal agent named in the *Petition. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Order*, ECF No. 15. This matter is now before the Court on petitioner's July 31, 2015 *Motion to Add Additional Claims*, ECF No. 20, and on respondent's *Motion to Dismiss for Failure to State a Claim*, ECF No. 21 ("*Motion to Dismiss*"). Petitioner has filed a memorandum in opposition to the *Motion to Dismiss*. *Response in Opposition*, ECF No. 22.

1. **Petitioner's Allegations**

The *Petition* alleges that

1

> ICE . . . agents: (1) violated [petitioner's] due process and one of his Fourteenth Amendment Right during his removal proceeding[;] (2) [petitioner] was physically assault[ed], mentally abuse[d] (injury) by ICE agents[;] (3) he was threate[ned], intimidated, emotional abuse, wrongful doing (by ICE agents) under Title 28.5 42 USC.

*Petition*, PAGEID# 14. The *Petition* also alleges that an order of deportation had been entered against petitioner, *id*. at PAGEID# 15, that petitioner's request to stay deportation had been rejected, *id.*, that he was detained "by ICE" beginning on July 15, 2014, *id*., and that because, *inter alia*, he has two minor children (who are American citizens and who are in foster care), he should not be deported, *id*. The particular allegations against defendant Todd Smith consist of the following, repeated here *verbatim*:

> My brother's as well went to talk to ICE Agent Todd smith about the custody situation and he gave ICE officer all court hearing documents etc. Todd Smith told my brother that they will see what they can do, they may give the plaintiff's kind of humanitarian relief due to the fact that plaintiff's and his two USC minors children was victim of crime by (HCIS). ICE agent has duty care to assist and investigate certain alien who was victim of crime. ICE fails to do so. They intentionally inflected serious emotional distress. Every person have a right to treat fairly because is foreigner. Fourteenth Amendment violation of (States and Federal Laws) § 42 USC.
>
> ∗∗∗
> . . . My brother again went to talk to Officer Todd Smith (ICE supervisor), about plaintiff's I-918 Petition. Is currently pending and see if they can release plaintiff's from jail, then ICE Agent told my brother that they will call Cleveland to stop the deportation proceeding even knowing that the motion to terminate deportation proceedings was already file. ICE Agent lied and defraud us, by saying that they will call; careless they didn't call. Intentionally ICE agency violated plaintiff's due process right by fails to call on timely matter. Inflected serious emotional distress to all my family. (States and Federal Laws) § 42 USC. Because is nationality.

*Id*. at PAGEID# 16. In October 2014, two ICE agents (not, apparently, Todd Smith) advised petitioner that he would be deported. When petitioner asked about his children, these agents allegedly responded, "We don't care about your children, we have to execute the judge order." *Id.* at PAGEID# 17. Later that month, petitioner was moved to the ICE office in Columbus,

Ohio. Petitioner asked to speak with "the supervisor Todd Smith" but he was advised that Smith was "gone." *Id.* Sometime thereafter, Todd Smith

> told my sister and my mother that, they have a order and I will be shipped to Cameroon today even traveling to West Africa is restricted at this time, specially with not ebola vaccine, the statistic and report abola international health association said that ebola may be clear the next six to nine months. For humanitarian ground, ICE should not send plaintiff's in Cameroon without give fair chance to take all vaccins after living in USA countinually for fourteen years.

*Id*. [sic]  Petitioner was thereafter taken to the airport by two ICE agents (neither, apparently, was Todd Smith). Petitioner "refuse to go to the plane for the reason I told them (I am not living USA without my children)." *Id*. at PAGEID# 18 [sic]. The two ICE agents

> push me, drap to the neck like animal, punch me to the face, kick me in the leg and put me to the plane by forcing me inside.. I told them they are not suppose to put their hands on me, I still have the right to refuse to go to the plane if I believe that, I have good ground to do so.

*Id.* [sic]. The pilot eventually "ask the two ICE agent to take me out of the plane after all the humiliations, physical torture I want to in front of people in the airport." *Id.* [sic]. The two agents allegedly insulted petitioner and called an ambulance for petitioner, who was "bleeding very bad, I got open wound in my left leg and I was feeling dizzy, the left side of my face was swollened and I was feeling weak after all that physical violence, or torture I want through . . . ." *Id*. [sic].

> Petitioner goes on to allege:
>
> This airport incident was already intentionaly planed by all ICE agents who was involve in my case with a purpose of malicious prosecution and false charge against me, so I can't be able to get custody of my children.

*Id.* at PAGEID# 19 [sic]. The *Petition* also alleges that "all this violation states above are result of racial discrimination acts by the defendant ICE agents. . . ." *Id*.

2. **Petitioner's** *Motion to Add Additional Claims*

In his *Motion to Add Additional Claims,* petitioner seeks to increase the monetary damages sought by him in this action as a consequence of "[m]ental pain and suffering," the "[d]estruction of the boundary, family tie and unity," and "loss of enjoyment of life." *Id*. at PAGEID# 142. Petitioner's *Motion to Add Additional Claims* is **GRANTED**. However, for the reasons stated *infra*, the Court concludes that the *Motion to Dismiss* is meritorious.

3. *Motion to Dismiss*

Todd Smith is the only individual named in this action. He contends in the *Motion to Dismiss* that the *Petition* fails to state a colorable *Bivens* claim against him and that he is entitled to the protection of qualified immunity. This Court agrees.

While *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even a *pro se* petition "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (internal quotation marks omitted). Under this "plausibility standard," the well pleaded facts must permit more than the mere possibility of misconduct, they must show "that the pleader is entitled to relief." *Id*. Although a pleading need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The doctrine of qualified immunity provides a shield to government officials "'from liability for civil damages insofar as their conduct does not violate clearly established statutory or

constitutional rights.'" *Ashcroft v. Iqbal*, 556 U.S. at 672 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). There are two elements to a qualified immunity analysis: whether "the facts alleged show the officer's conduct violated a constitutional right," and whether that right was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001). A court may address either element first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). This Court concludes that petitioner has not alleged an actionable violation of a constitutional right by Todd Smith.

*Bivens* "recognized . . . an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001). However, *Bivens* is not available to remedy every perceived wrong alleged by a claimant. It is only where "no alternative processes exist to protect the plaintiff's interests and no special factors counsel against recognizing the cause of action" that a *Bivens* remedy will be recognized. *Zundel v. Holder*, 687 F.3d 271, 279 (6th Cir. 2012) (citations omitted). "When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration," *Bivens* offers no separate remedy for an alleged denial of due process. *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988)(Holding that no *Bivens* claim for due process violations in the administration of federal disability program).

A *Bivens* claim has been recognized as a remedy to redress a violation of the equal protection component of the Due Process Clause of the Fifth Amendment.[1] *See Davis v. Passman,* 442 U.S. 228 (1979). Where "the claim is invidious discrimination in contravention of the . . . Fifth Amendment[], . . . the plaintiff must plead and prove that the defendant acted with

---

[1] The *Petition* invokes the Fourteenth Amendment, which applies only to states. However, the Due Process Clause of the Fifth Amendment to the United States Constitution contains an equal protection component prohibiting the federal government from invidiously discriminating between individuals or groups. *Bolling v. Sharpe*, 347 U.S. 497 (1954).

5

discriminatory purpose." *Id.* (citing *Washington v. Davis,* 426 U.S. 229, 240 (1976)). Petitioner alleges that he was discriminated against in the deportation proceedings because he "is [a] foreigner" and because of his "nationality" and that the violations alleged by him "are resultof racial discrimination acts. . . ." *Petition,* PAGEID# 16, 19.  These allegations are, in the view of this Court, insufficient to state a claim for the denial of equal protection.  All deportation proceedings are, by definition, directed to persons who are not citizens of the United States, *i.e.,* foreigners of different nationalities. Petitioner does not allege that he was subjected to invidious, intentional discrimination by Todd Smith based on petitioner's particular nationality, or that he was treated differently than other foreigners because of his membership in a particular category or class. Moreover, petitioner's conclusory mention of "racial discrimination," unsupported by any factual allegation, is insufficient to withstand a motion to dismiss for failure to state a claim for relief. *See Twombly,* 550 U.S. at 555. Under these circumstances, then, the Court concludes that the *Petition* fails to state a *Bivens* claim against Todd Smith for the denial of equal protection.

A *Bivens* claim has also been recognized to redress a claim that federal agents used excessive force. *See, e.g., Abel v. Harp*, 278 Fed. Appx 642 (6th Cir. May 23, 2008). However, "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676. Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*  Although the *Petition* alleges that petitioner was physically mistreated at the airport by federal agents, *id.* at PAGEID# 18, it was not, apparently, Todd Smith who participated in the alleged misconduct. The mere fact that Todd Smith may occupy a supervisory position will not subject him to liability for the alleged actions

6

of his subordinates.  *Ashcroft v. Iqbal*, 556 U.S. at 676. The Court therefore concludes that the *Petition* fails to state a *Bivens* claim against Todd Smith for the alleged use of excessive force.

Finally, the *Petition* alleges that petitioner suffered a denial of due process in connection with his deportation proceedings and removal from the United States. *Petition*, PAGEID# 16. Such a claim may be pursued in the deportation proceedings and appeals therefrom, *see, e.g., Denko v. I.N.S.,* 351 F.3d 717 (6th Cir. 2003), or in a habeas corpus action, *see, e.g., Zhislin v. Reno*, 195 F.3d 810 (6th Cir. 1999). However, to the extent that the *Petition* challenges the actual deportation and removal decision, this Court concludes that *Bivens* offers no remedy against Todd Smith.  *See Schweiker v. Chilicky*, 487 U.S. at 423. More than one court – including this Court - has concluded that *Bivens* affords no remedy against federal officers for an alleged wrongful detention during immigration proceedings. *Mirmehdi v. United States,* 689 F.3d 975, 983 (9th Cir. 2012); *Kareva v. United States*, 2013 WL 97966 (S.D. Ohio Jan. 8, 2013). This Court concludes that the *Petition* fails to state a *Bivens* claim against Todd Smith for an alleged denial of due process.

In sum, the Court concludes that the *Petition* fails to state a claim to relief. It is therefore **RECOMMENDED** that the *Motion to Dismiss for Failure to State a Claim*, ECF No. 21, be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

 

 

 *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
December 10, 2015